IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILD HORSE FREEDOM FEDERATION<br>14910 Wildwood Circle<br>Magnolia, Texas  77354<br><br>      Plaintiff,<br><br>      v.<br><br>BUREAU OF LAND MANAGEMENT<br>1849 C Street NW<br>Washington, DC 20240<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 18-1561<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff Wild Horse Freedom Federation ("WHFF") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Bureau of Land Management (hereinafter "BLM") in failing to provide WHFF with all non-exempt records responsive to its December 9, 2017, FOIA requests to this federal agency, seeking records regarding invoices for bait trapping, water trapping and bait/water trapping of wild horses and burros for the time period of January 1, 2015, to December 31, 2016.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Wild Horse Freedom Federation, is a non-profit organization that, at all times relevant herein, has been headquartered in Magnolia, Texas.

5. Defendant Bureau of Land Management is federal agency of the United States, and sub-component of the United States Department of the Interior, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about December 9, 2017, WHFF, by and through their attorney Pete

Sorenson, sent a FOIA request to the Bureau of Land Management (BLM), seeking copies of agency records regarding BLM invoices for bait trapping, water trapping or bait/water trapping of wild horses and burros, for the time period of January 1, 2015, to December 31, 2016.

14.  On or about January 3, 2018 BLM sent an email to WHFF's attorney, Mr. Sorenson, assigning the control number 2018-00316 to WHFF's December 9, 2017, FOIA request.

15.  On or about January 25, 2018, WHFF, by and through their attorney Pete Sorenson, sent an email to BLM requesting an estimated completion date for WHFF's December 9, 2017, FOIA request, as well as requesting the date of the agency's receipt of this FOIA request.

16.  On or about January 31, 2018, BLM sent an email to WHFF, estimating the completion date for Plaintiff's December 9, 2017, FOIA request to be 20 to 60 business days from the date of this email communication. However, the agency's response email did not address Plaintiff's inquiry as to the date they received this FOIA request.

17.  On or about February 5, 2018, Plaintiff WHFF, by and through their attorney Pete Sorenson, sent a follow-up email to BLM, once again requesting information as to the date on which the agency received Plaintiff's December 9, 2017, FOIA request.

18.  On or about March 22, 2018, Plaintiff WHFF, by and through their attorney Pete Sorenson, sent an email to BLM requesting the agency provide an estimated date of

completion for WHFF's December 9, 2017, FOIA request, as well as requesting that BLM respond o WHFF's prior request for the agency to identify the date that it had received this FOIA request.

19. On or about May 1, 2018, Plaintiff WHFF, by and through their attorney Pete Sorenson, sent a further follow-up email to BLM, once again requesting the agency's revised estimated date of completion for WHFF's December 9, 2017, FOIA request, as well as requesting that BLM respond to WHFF's prior request for the agency to identify the date that it had received this FOIA request.

20. On or about May 29, 2018, Plaintiff WHFF, by and through their attorney Mr. Sorenson, sent a further follow-up email to BLM, once again requesting the agency's estimated date of completion for responding to WHFF's December 9, 2017 FOIA request.

21. As of the date of the filing of this action Plaintiff WHFF has still not received any of the records it requested for its December 9, 2017, FOIA request to the BLM.

## VII. CLAIMS FOR RELIEF

22. WHFF realleges, as if fully set forth herein, paragraphs 1-21 previously set forth herein.

23. Defendant BLM has violated FOIA by failing to provide WHFF with all non-exempt responsive records for its December 9, 2017, FOIA request.

24. By failing to provide WHFF with all non-exempt responsive record to its

December 9, 2017, FOIA request as described in paragraph 13 above, Defendant BLM has denied WHFF's right to this information as provided by the law under the Freedom of Information Act.

25. Defendant BLM has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to WHFF's December 9, 2017, FOIA request.

26. By failing to perform an adequate search reasonably calculated to locate all responsive records to WHFF's December 9, 2017, FOIA request, Defendant BLM has denied WHFF's right to this information as provided by law under the Freedom of Information Act.

27. Unless enjoined by this Court, Defendant BLM will continue to violate WHFF's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

28. WHFF is directly and adversely affected and aggrieved by Defendant BLM's failure to provide responsive records to its FOIA request described above.

29. WHFF has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

30. WHFF is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for WHFF, providing the following relief:

1. Declare Defendant BLM has violated FOIA by failing to provide WHFF with all non-exempt records responsive to its December 9, 2017, FOIA request.

2. Declare Defendant BLM has violated FOIA by failing to complete an adequate search for records responsive to WHFF's December 9, 2017, FOIA request.

3. Direct by injunction that Defendant BLM perform an adequate search for records responsive to its December 9, 2017, FOIA request and provide WHFF with all non-exempt responsive records to WHFF's December 9, 2017, FOIA request.

4. Grant WHFF's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 29th day of June, 2018.

Respectfully submitted,

  /s/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**